IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40236
Summary Calendar
_____


SHANE EDWARD BISHOP,

                                        Plaintiff-Appellant,

versus

DOUG LEE, Denton County Detention Officer;
JEFF HENSLEY, Denton County Detention Officer;
DALE BOOKER, Denton County Detention Officer;
JERRY FLOWERS, Denton County Detention Officer;
J. R. TORRES; DEE DEE WILSON; JEFF COATS; MIKE
YERIK; and CALVIN TIPTON,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(4:94-CV-98)
_____
October 14, 1996

Before KING, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Shane Edward Bishop, a Texas prisoner (#658145), appeals the

orders of the district court and magistrate judge granting the

defendants' motion to dismiss and motion for summary judgment.

Bishop brought this action pursuant to 42 U.S.C. § 1983, alleging

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

that defendants violated his constitutional rights when they used excessive force in transferring him from his cell to "the rubber room." We have reviewed the record, the magistrate judge's findings and order addressing defendant Lee's summary judgment motion, and the magistrate judge's recommendation that the remaining defendants' motion to dismiss be granted. Because we find no reversible error, we affirm for essentially the reasons stated by the magistrate judge and adopted by the district court in granting the defendants' motion to dismiss, and stated by the magistrate judge in granting Lee's motion for summary judgment. We recognize Bishop's contention that summary judgment was inappropriate because defendants had not produced several photographs of his alleged injuries or an unedited version of the videotape submitted in support of the motion for summary judgment. However, despite Bishop's argument in his response to the motion for summary judgment that the videotape had undergone edits "that even a child could see," he offered no specific facts indicating what had been omitted. A review of the tape discloses no discernable editing during the portion relevant to this appeal, which portion does not show that any of the defendants violated Bishop's constitutional rights.

Bishop also argues that the district court and magistrate judge erred in denying his motions to amend his complaint and motion for appointment of counsel, that he was treated improperly at a management conference when he was allegedly "pushed" into

2

consenting to the magistrate judge's presiding over the case, that the court did not afford his pro se pleadings liberal construction, and that his lawsuit was improperly dismissed "with prejudice."  These claims are unavailing.

Bishop's "Motion for Relief" is DENIED.

AFFIRMED.